**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Creditor*
*The Bank of N.T. Butterfield & Son Limited*
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
Scott S. Markowitz
Charles M. Miller
Joel H. Rosner
smarkowitz@tarterkrinsky.com
cmiller@tarterkrinsky.com
jrosner@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                                             Chapter 11

ART CAPITAL BERMUDA LTD.,                                    Case No. 20-12400 (JLG)

       Debtor.
-----------------------------------------------------------x

  I, Joel H. Rosner, hereby declare,

  1. I am an attorney duly admitted to practice law in the State of New York and in good standing to practice before this Court. I am of counsel to the law firm Tarter Krinsky & Drogin LLP, counsel for The Bank of N.T. Butterfield Son & Limited ("BNTB"), which is a creditor of the above-captioned Chapter 11 debtor, Art Capital Bermuda Ltd. ("Art Capital"), and a creditor of the Chapter 11 debtor, Bluefin Servicing, Ltd. ("Bluefin") (collectively, the "Debtors") in Case No. 12-12401-JLG (S.D.N.Y. Bankr.), the petition of which is being jointly administered with the above-captioned action.

  2. I submit this Declaration in support of BNTB's motion for an order of the Bankruptcy Court, dismissing the Debtors' Chapter 11 cases pursuant to § 1112(b) of title 11 of the United States Bankruptcy Code.

  3. Attached as Exhibit A is a true and correct copy of BNTB's Second Amended

Answer and Verified Counterclaims (minus its exhibits), which was filed on November 3, 2019 in an action in the New York State Supreme Court, New York County, entitled, *Art Capital Bermuda Ltd. v. The Bank of N.T. Butterfield & Son Limited*, Index No. 650082/2017 (the "State Court Action"). (The pertinent documents attached as exhibits to the Counterclaims are attached as independent exhibits to this Declaration.) I am counsel to BNTB in the State Court Action.

4. Attached as Exhibit B is a true and correct copy of the Amended and Restated Participation Agreement, dated as of May 28, 2014, between BNTB, Art Capital, and Modern Art Services, LLC ("Modern Art"), an affiliate of the Debtors, which reflects that BNTB has purchased a 90% participation, i.e., $5,265,000, in a $5,850,000 loan that Art Capital made to a borrower named Ahouvi ("Ahouvi Loan").

5. Attached as Exhibit C is a true and correct copy of the Participation Agreement, dated as of March 16, 2015, between BNTB, ACB, and Modern Art, which reflects that BNTB has purchased an 85% participation, i.e., $850,000, in a $1,000,000 loan that Art Capital made to a borrower named Pinault ("Pinault Loan").

6. Attached as Exhibit D is a true and correct copy of the Participation Agreement, dated as of September 10, 2015, between BNTB, ACB, and Modern Art, which reflects that BNTB has purchased an 85% participation, i.e., $807,500, in a $950,000 loan that Art Capital made to a borrower named Marshall ("Marshall Loan").

7. Attached as Exhibit E is a true and correct copy of the Servicing Agreement, dated as of April 28, 2014, between BNTB, Art Capital and Bluefin, under which Bluefin was designated as the servicer for the Loans and tasked with collecting payments from the Borrowers and distributing to BNTB its share of those payments.

8. On June 30, 2020, BNTB filed a motion in the State Court Action to dismiss

Debtors' claims and for default judgment on its counterclaims against them, or, in the alternative, for partial summary judgment. Debtors did not oppose the motion, which was fully submitted to the New York State court on July 24, 2020. The motion was still pending when Debtors filed for bankruptcy.

9. Attached as Exhibit F is a true and correct copy of the Chapter 11 Petition that Art Capital filed in this action.

10. Attached as Exhibit G is a true and correct copy of the Chapter 11 Petition that Bluefin filed in the action under Case No. 20-124-1 (JLG).

11. Attached as Exhibit H are true and correct excerpts from the deposition of Ian Peck ("Peck") that was taken on October 1, 2018 in the State Court Action.

12. Attached as Exhibit I are true and correct excerpts from the deposition of Peck that was taken on November 20, 2018 in an action in the New York State Supreme Court, New York County, entitled, *ABL Advisor, LLC v. Patriot Credit Co., LLC*, Index No. 651985/2015.

13. Attached as Exhibit J is a true and correct copy of a sworn affidavit filed by Peck in the State Court Action on June 1, 2017.

14. Attached as Exhibit K are true and correct copies of: (a) an order issued on February 16, 2017 in an action in the New York State Supreme Court, New York County, entitled, *Franklin v. Pegasus Credit Co., LLC*, Index No. 650346/2017; and (b) an excerpt from a loan agreement at issue in the foregoing action. The February 16, 2017 order found that Peck was the President of Pegasus, and Peck signed the loan agreement in that capacity.

15. Peck's control over Patriot Credit Co., LLC ("Patriot") and Pegasus Credit Co., LLC ("Pegasus") is demonstrated by the fact that those entities' counsel told the court in the State Court Action and the undersigned counsel for BNTB that Peck is in control of the

companies and was the entities' counsel's ultimate client.

16. Attached as Exhibit L is a true and correct copy of the transcript of the June 2, 2017 conference with the court in the State Court Action (as well as an order the court issued in connection with that conference).

17. Attached as Exhibit M is a true and correct copy of the report produced on March 18, 2020 by the special master appointed in the State Court Action to review Patriot's and Pegasus's bank records (the "Special Master Report").

18. Attached as Exhibit N is a true and correct copy of a sworn affidavit filed by Peck in the State Court Action on January 25, 2017.

19. Notwithstanding the court's order on June 2, 2017, the Debtors repeatedly failed to inform BNTB when the Borrowers paid hundreds of thousands of dollars in interest and millions of dollars in principal payments. (Ex. A ("Counterclaims")[1] ¶¶ 12, 178, 189-90, 230, 242-43, 245, 253, 255, 258, 260, 263.) For example, they did not produce any records concerning the principal repayments that were made in September/October 2016 and in May 2017, totaling $1 million. *See* Counterclaims, ¶¶ 178, 189-90, 230; Ex. M, Schedule 1. Nor did the Debtors produce any records concerning the principal repayments that were made in July 2017, August 2017, November 2017, and February 2018, totaling about $2 million. *See* Counterclaims ¶¶ 243, 245, 255, 260.

20. It was not until May 2018 that Debtors disclosed any of these principal and interest payments—when they initially produced document discovery in the State Court Action. But they continued to conceal a nearly $1 million principal repayment made by a borrower in January 2018 that was not disclosed until March 2020. (Ex. M, Schedule 1.)

---

[1] References to the "Counterclaims" in this declaration are to BNTB's verified Counterclaims in the State Court Action, which appear at pages 48-124 of Ex. A.

21. On August 13, 2018, the court in the State Court Action ordered the Debtors to produce Patriot's and Pegasus's bank records (the "Bank Records") concerning the loan payments, either to BNTB or to the court for *in camera* review. A true and correct copy of that order is attached as part of Exhibit O. The Debtors did not comply with that order.

22. On October 2, 2018, the court again ordered the Debtors to turn over the Bank Records for *in camera* review. (Ex. O.) A true and correct copy of that order is attached as part of Exhibit O.

23. Although the Debtors complied with the October 2 order, they still sought to delay any disclosure. When the court in the State Court Action told the Debtors in January 2019 that it was going to turn over the Bank Records to BNTB, the Debtors insisted that a special master be appointed to review the records and exclude any not relevant to the claims in the State Court Action. But it was only in November 2019 that the Debtors finally agreed to the terms of the appointment of the special master—only to then violate the court's order directing them to turn over the Bank Records to the special master for review.

24. In December 2019, the Debtors' counsel withdrew and the court in the State Court Action authorized BNTB to subpoena the Bank Records directly from Patriot's and Pegasus's banks. BNTB duly served the subpoenas. But Peck still sought to block BNTB from obtaining the records.

25. From January 2020 until September 2020, counsel for Patriot and Pegasus made strenuous efforts to block BNTB from seeing the Bank Records.

26. Initially, they moved in the State Court Action to quash BNTB's subpoenas, and then obtained permission from the court to continue the special master process that the Debtors had violated.

27. In March 2020, the special master issued the Special Master Report, which disclosed previously unknown payments on the Loans. (Rosner Decl. ¶ 27 & Ex. M, Schedule 1.) For example, the Special Master Report disclosed for the first time that the Borrower on the Ahouvi Loan had made a nearly $3.2 million payment on the Loan on August 10, 2018. (Ex. M, Schedule 1.)

28. When BNTB sought discovery concerning the special master's investigation and report, Patriot and Pegasus refused to comply with the court's order compelling production of that discovery and twice moved to quash the subpoenas that the court authorized BNTB to serve on Patriot's and Pegasus's banks (as a remedy for Patriot's and Pegasus's violation of the court's discovery order).

29. Patriot and Pegasus also filed appeals from the court's orders authorizing the subpoenas and denying their motion to quash and repeatedly sought emergency stays of discovery from the appellate court, all of which were denied.

30. In mid-August 2020, Patriot's bank, Bank of America, complied with BNTB's subpoena and produced its records. But Pegasus continued to fight disclosure, even going so far as to privately email Wells Fargo, its bank, to urge it to delay in complying with the lower court's order in the State Court Action to disclose the records. Wells Fargo ignored that entreaty and produced its records to BNTB in September 2020.

31. BNTB is bound by a confidentiality order in the State Court Action that prevents it from discussing the financial details of the Bank Records in this action.

32. Less than a month and a half after BNTB gained access to all the Bank Records, Debtors filed their Chapter 11 cases.

33. Attached as Exhibit P is a true and correct copy of the affidavit of Jordache

Rawson, a Vice President at BNTB, which was filed on June 30, 2020 in the State Court Action.

34. Attached as Exhibit Q are true and correct copies of the confessions of judgment that the Borrower on the Pinault Loan executed in connection with his default on that loan.

35. Attached as Exhibit R are true and correct copies of: (i) the Security Agreement, dated as of March 16, 2015, by which the Borrower on the Pinault Loan granted a security interest in the Calder collateral to Art Capital; (ii) the Notice of Assignment, dated March 16, 2015, by which Art Capital notified the Borrower that it was assigning the security interest in the Calder collateral to BNTB; (iii) the Borrower's acknowledgement of the assignment of the security interest to BNTB, dated March 16, 2015; and (iv) copies of UCC filings concerning the security interest.

36. Attached as Exhibit S is a true and correct copy of the Schedules (ECF 9) filed by Art Capital in this action.

37. Attached as Exhibit T is a true and correct copy of the Schedules (ECF 10) filed by Bluefin in this Action.

38. Attached as Exhibit U are copies of Bluefin's Operating Reports filed in this action for October 2020 and May 2021.

39. Attached as Exhibit V are copies of Art Capital's Operating Reports filed in this action for October 2020 and May 2021.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 25, 2021.

_____
Joel H. Rosner